IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

      Petitioner,                    No. CIV S-09-2968 JAM KJM P

   vs.

KEN CLARK,

      Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner has also requested a stay of the proceedings to allow him to complete the exhaustion process on several claims. The petition he has filed contains three fully exhausted issues.[1]

---

[1] He lists a fourth issue, but it does not present any independent reasons for the issuance of a writ; rather, he argues that the state court's reasoned decision was contrary to federal law.

1

In <u>King v. Ryan</u>, 564 F.3d 1133, 1141 (9th Cir.), <u>cert. denied,</u> 130 S.Ct. 214 (2009), the Ninth Circuit recognized that when a petitioner has filed a fully exhausted petition and seeks a stay, the court retains the discretion to apply the three step procedure of <u>Kelly v. Small</u>, 315 F.3d 1063 (2003), because the procedure outlined in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), requiring a showing of good cause, applies only to mixed petitions.  The <u>King</u> court mused that it was unlikely the <u>Kelly</u> procedure would be abused by late filing petitioners because of the risk that the newly exhausted claims will not be timely.  <u>King</u>, 564 F.3d at 1140.  It noted that a stay would be appropriate "when valid claims would otherwise be forfeited.'"  <u>Id</u>. at 1141 (<u>quoting</u> <u>Kelly</u>, 315 F.3d at 1070).  Under <u>Kelley</u> and <u>King</u>, a petitioner must demonstrate that the claims he seeks to exhaust and later add to the federal action will satisfy the "relation-back" requirement of <u>Mayle v. Felix</u>, 545 U.S. 644 (2005).   This court cannot make this determination because petitioner has not described the claims he seeks to exhaust.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (docket no. 8) is granted;

2. Petitioner's motion for a stay (docket no. 9) is denied;

3. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order.  <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

/////

6. The Clerk of the Court shall serve a copy of this order and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: April 27, 2010.

_____
U.S. MAGISTRATE JUDGE

2
will2968.100