IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

    Petitioner,                    No. 2:09-cv-2968 JAM KJN (TEMP) P

    vs.

KATHLEEN DICKINSON,

    Respondent.                 ORDER

_____/

        Petitioner is a state prisoner, proceeding without counsel and in forma pauperis, with an application for writ of habeas corpus under 28 U.S.C. § 2254. He seeks an extension of time in which to file an amended petition. Good cause appearing, the extension will be granted.

        The court admonishes petitioner to familiarize himself with the court's Local Rule 220, which governs the amendment of pleadings. If he chooses to file an amended petition, the court will examine it according to the same screening standards applied to his original petition. In addition, plaintiff is informed that the court cannot refer to a prior pleading or petition in order to make plaintiff's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint or petition supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended petition, the original no

1

longer serves any function in the case. Therefore, in an amended petition, as in an original petition, each habeas claim and the factual bases underlying it must be sufficiently alleged.

Petitioner has also filed a motion to "lift and renew" the stay imposed by order of June 10, 2010, which allowed petitioner to revisit the state habeas process and thus attempt to exhaust some of his claims. It appears that process is complete.[1] See Dkt. # 35. Therefore, the court will lift the stay. Any request to renew the stay is moot.

Finally, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for a extension of time (Dkt. # 34) is granted. Petitioner has sixty days from the entry of this order in which to file an amended petition.

2. The stay imposed on June 10, 2010, is lifted.

3. The motion to lift the stay and renew the stay (Dkt. # 29-1) is moot.

4. Petitioner's motion to appoint counsel (Dkt. # 29-2) is denied.

DATED: July 26, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

schl0486.osc

---

[1] The court makes no finding in this order as to whether petitioner has, in fact, met any of the exhaustion requirements imposed by 28 U.S.C. § 2254.

2