IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

    Petitioner,                No. CIV-S-09-2968 JAM CKD P

   vs.

KATHLEEN DICKINSON,

    Respondent.          ORDER &

                                     FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's first amended petition is due October 26, 2011. (Dkt. No. 45.) Petitioner's pending motions regarding the filing of this petition are addressed below.

I. Motion for Reasonable Accommodations

        On August 11, 2011, petitioner filed a "motion for reasonable accommodations" in which he asserts that he is vision-impaired and "cannot read handwritten or typed material" even with corrective lenses or magnification aids provided by prison officials. He asks the court to order that all court correspondence directed to either party in this action be transcribed onto

audio cassette tapes for petitioner's use, and that respondent communicate with petitioner via audiotape.  (Dkt. No. 40.)

This the court declines to do.  As respondent points out, petitioner has filed numerous pleadings in both federal and state court since filing his habeas petition in this court on October 23, 2009.  Petitioner is concurrently litigating another action in this court, <u>Williams v. State of California</u>, CIV-S-10-2893 KJM CKD (E.D. Cal.), and filed four motions in that action in the past six weeks alone.  In response to the court's order issued on September 13, 2011 in the instant action, petitioner filed three motions within the space of eight days. (Dkt. Nos. 46, 47, 48.)  This record demonstrates that petitioner is able to litigate with the aid of his present accommodations.  Petitioner's further briefing on his request for accommodations suggests that he seeks to challenge prison officials' accommodation of his disability pursuant to Title II of the Americans with Disabilities Act (Dkt. No. 42); however, the appropriate vehicle for such a challenge is a separate civil rights action pursuant to 42 U.S.C. § 1983.  See <u>Phiffer v. Columbia River Correctional Institute</u>, 384 F.3d 791 (9th Cir. 2004); <u>Lovell v. Chandler</u>, 303 F.3d 1039 (9th Cir. 2002).

Petitioner also claims that prison officials are unreasonably limiting his access to the prison law library, where auxiliary aids are available, to one day a week.  Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts. <u>Lewis v. Casey,</u> 518 U.S. 343, 346 (1996).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977); <u>Phillips v. Hust</u>, 477 F.3d 1070, 1075-76 (9th Cir. 2007) (reversed on another ground at 588 F.3rd 652 (2009)).  Again, however, the proper vehicle for petitioner to raise his constitutional access-to-courts claim is a separate civil rights action challenging his conditions of confinement.  See <u>e.g.</u> <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2002).

However, if respondent asserts that the first amended petition is untimely, petitioner may raise library access issues in arguing that the limitations period should be equitably tolled.

Mindful of prisoners' limited library access and various other difficulties encountered by pro se inmate litigants, the court has granted petitioner three extensions of time totaling 150 days, or an extra five months, to file the amended petition (Dkt. Nos. 28 (60-day extension), 37 (60-day extension), 45 (30-day extension)). This five months does not include the additional time that passed in the course of ruling on petitioner's requests for extensions and other filings in this action. Petitioner asserted on August 28, 2011, that he required an additional sixty days to complete the amended petition; the court granted him an extension until October 26, 2011. (Dkt. Nos. 44, 45.) It is unclear why petitioner finds this result intolerable. (See Dkt. No. 47.) Accordingly, and for the reasons stated above, the court will deny petitioner's request for further accommodations.

II. Motion for Injunctive Relief

On September 22, 2011, petitioner filed a motion for preliminary injunction and/or temporary restraining order[1]. He seeks a two-year injunction requiring respondent to give him greater access to the law library and auxiliary aids, as well as other "reasonable accommodations" described in his motion discussed above.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal

---

[1] Petitioner's request for a temporary restraining order is insufficient under E.D. Cal. Local Rule 231(c). Therefore, the request will be construed as a motion for a preliminary injunction.

point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

Here, petitioner has not shown a likelihood of success on the merits because his claims are not properly raised in a federal habeas action, but are properly the subject of a § 1983 action.  This action concerns a challenge to petitioner's underlying conviction, and therefore is not amenable to the injunctive relief petitioner seeks.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's August 11, 2011 motion for reasonable accommodations (Dkt. No. 40) is denied;

2. Petitioner's September 1, 2011 motion to strike opposition to request for reasonable accommodations (Dkt. No. 42) is denied.

IT IS HEREBY RECOMMENDED that petitioner's September 22, 2011 motion for preliminary injunction (Dkt. No. 46) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\

\\\\

\\\\

\\\\

1 | advised that failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 27, 2011

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2968.ord