IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

    Petitioner,                     No. CIV S-09-2968 JAM CKD P

    vs.

A. HEDGPETH,

    Respondent.                  ORDER

_____/

    On October 27, 2011, petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On December 1, 2011, petitioner filed a motion seeking a district court ruling on this court's September 27, 2011 findings and recommendations recommending that plaintiff's request for preliminary injunction be denied. (Dkt. No. 69.) As the district court has so ruled, this motion will be denied as moot. (See Dkt. No. 66.)

    On December 2, 2011, plaintiff filed a motion to substitute Anthony Hedgpeth, the Warden at Salinas Valley State Prison where prisoner is currently incarcerated, as the respondent in this action. (Dkt. No. 70.) The court will grant this motion. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the

petition."); Rule 2(a), 28 U.S.C. foll. § 2254).

On January 26, 2012, petitioner filed a motion stating that he failed to sign the amended petition and asking to supplement the pleading with a signature and verification. (Dkt. No. 72.) The court will grant this motion as well.

Finally, on January 26, 2012, petitioner filed a petition for a writ of mandamus in the district court seeking an "expedited hearing or ruling" on motions or requests already ruled upon by this court. (Dkt. No. 73.) Mandamus proceedings are governed by Federal Rules of Appellate Procedure Rule 21, which provides that "[a] party petitioning for a writ of mandamus . . . directed to a court must file a petition with the circuit clerk with proof of service on all parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge." No party may file an answer unless ordered to do so by the appellate court. FRAP Rule 21(a)(1), (b)(1). Here, it does not appear that petitioner filed his writ petition in the Ninth Circuit Court of Appeals as required by the applicable rules. Moreover, as the gravamen of this filing is that petitioner disagrees with this court's earlier rulings on various motions filed by petitioner, the petition is patently frivolous. Petitioner has filed multiple motions for reconsideration of this court's orders, all of which have been duly considered. (See Dkt. Nos. 14, 47, 55 (motions); 19, 64, 65 (orders).) For all these reasons, the court will disregard the petition for writ of mandamus.

Petitioner has filed numerous pleadings since the commencement of this action in 2009. Many of the pleadings are not pertinent to the issues before the court or are frivolous or duplicative. The multiplicity of petitioner's motions are a burden on the court and impede the proper prosecution of this action. Petitioner's future filings shall therefore be limited as set forth below.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's December 1, 2011 motion for completed ruling (Dkt. No. 69) is denied as moot;

2. Petitioner's December 2, 2011 motion to substitute proper party (Dkt. No. 70)

is granted;

        3. Petitioner's January 26, 2012 motion to supplement pleading with a signature and verification (Dkt. No. 72) is granted;

        4. Petitioner may only file the following documents:

          a. A second amended petition, if so ordered by the court;

          b. One opposition to any motion filed by respondent (and clearly titled as such);

          c. One traverse to any answer filed by respondent (and clearly titled as such);

          d. Only one motion pending at any time. Such motion must be properly noticed for hearing. Petitioner is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

          e. One set of objections to any findings and recommendations.

        Failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed.

Dated: March 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2968.ord2