IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

        Petitioner,                      No. CIV-S-09-2968 JAM CKD P

        vs.

A. HEDGPETH,

        Respondent.                ORDER

_____/

        On April 5, 2012, petitioner filed a motion for the disqualification of the undersigned magistrate judge. (Dkt. No. 76.)

        Motions for disqualification are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. See Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). Under 28 U.S.C. § 144, if a party demonstrates that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Similarly, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

The substantive standard under these statutes "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Pesnell</u>, 543 F.3d at 1043. Generally, "a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice." <u>F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.</u>, 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted); <u>Pesnell</u>, 543 F.3d at 1043. Thus, judicial rulings alone – apart from surrounding comments or accompanying opinions – almost never constitute valid grounds for disqualification. See <u>Liteky v. United States</u>, 510 U.S. 540, 556 (1994).

Here, petitioner's arguments fail to meet the threshold for disqualification. Petitioner asserts that he has filed in the Ninth Circuit Court of Appeals a petition for writ of mandamus in which the undersigned is named as a party. The gravamen of the petition for writ of mandamus is petitioner's disagreement with the court's earlier rulings in a civil rights action brought by petitioner: <u>Williams v. State of California</u>, CIV-S-10-2893 KJM CKD P. However, petitioner's decision to seek writ relief from the court's rulings in another action does not give rise to an implication that the court is biased or prejudiced against him. By simply citing his own actions, he has failed to provide a reasonable basis for questioning the impartiality of this court.

Accordingly, IT IS HEREBY ORDERED that petitioner's April 5, 2012 motion for disqualification (Dkt. No. 76) is denied.

Dated: April 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2968.disqualify