IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

    Petitioner,                   No. 2:09-cv-2968 JAM CKD P

    vs.

R. GROUNDS,

    Respondent.                 <u>ORDER</u>

_____/

        This action proceeds on the amended petition for writ of habeas corpus filed October 27, 2011.  (Dkt. No. 56 ("Ptn.").)  Respondent has filed an answer.  (Dkt. No. 85.) Pending before the Court is petitioner's October 1, 2012 motion for leave to conduct discovery (Dkt. No. 95), to which respondent has filed an opposition (Dkt. No. 96), followed by petitioner's reply (Dkt. No. 97).

        Petitioner challenges his 2006 conviction in the Sacramento County Superior Court on charges of spousal abuse, assault with a deadly weapon, false imprisonment, and making criminal threats; and his resulting sentence of a state prison term of fifteen years and eight months.  (Ptn. at 1, 16.)  Petitioner seeks to obtain the following documents in discovery: (a) copies of seven state habeas petitions he filed in the California Supreme Court; (b) unspecified records in the Contra Costa Superior Court's files to show that he did not voluntarily

waive his right to counsel in connection with a 1979 conviction used to enhance his 2006 sentence; and (c) unspecified records of the Sacramento County Superior Court to show that the court destroyed documents regarding the prosecution's alleged use of perjured testimony. (Dkt. No. 95 at 2.)

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; Bracy v. Gramley, 520 U.S. 899 (1997); Harris v. Nelson, 394 U.S. 286 (1969); Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (discovery is available "only in the discretion of the court and for good cause"); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997). The burden of demonstrating the materiality of the information requested is on the moving party. Stanford v. Parker, 266 F.3d 442, 461 (6th Cir. 2001) (citing Murphy v. Johnson, 205 F.3d 809, 813–15 (5th Cir. 2000)). "Bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing." Parker, 266 F.3d at 460. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. Bracy, 520 U.S. at 908–09.

As to category (a), copies of petitioner's seven prior state habeas petitions[1], respondent asserts in his answer that nineteen of petitioner's claims are procedurally barred as successive because they could have been raised in previous habeas petitions filed in the California Supreme Court. (Dkt. No. 85 at 27-31.[2]) Of these, respondent has lodged a copy of one petition, in case number S170272, as well as the Supreme Court's denial of the petition, as relevant to the instant claims. (See Dkt. No. 96 at 2.) As to the remaining six state petitions, respondent mentioned these in the answer "only to show that the California Supreme Court had a

---

[1] These petitions are identified by the following California Supreme Court case numbers: S149161, S152869, S156507, S167364, S168065, S170272, and S189953. (Dkt. No. 95 at 2.)

[2] Citations refer to page numbers assigned by the court's docketing system.

sound basis to deny Petitioner's most recent state habeas petition on procedural grounds of successiveness under In re Clark, 5 Cal. 4th 750 (1993)." Id.  Petitioner now contends that, regardless of the California Supreme Court's citation to Clark, he could not have raised the instant claims in those petitions.  Rather, he asserts, review of the petitions "will reveal that the petitions are either relating to condition of confinement . . . and that none of the petitions could be considered as an attack on the conviction stemming out the Sacramento Superior Court[.]" (Dkt. No. 97 at 2.)  Respondent notes that he is willing to lodge copies of these prior habeas petitions with this Court upon request.  (Dkt. No. 96 at 3, n. 2.)  In order to review all relevant materials in determining whether nineteen of petitioner's claims are procedurally defaulted, the court will order respondent to lodge copies of these prior six petitions.

As to the Contra Costa Superior Court records in category (b), this requested discovery relates to petitioner's claim that his 2006 sentence was improperly enhanced by a 1979 conviction for attempted robbery, as this earlier conviction was allegedly obtained in violation of his right to counsel. (Dkt. No. 56-2 at 11-20; Claim 18.)  Petitioner apparently seeks to show, with unspecified court records, that he pled guilty in 1979 without counsel and without having waived his right to counsel.  The court finds that petitioner has not shown good cause to exhume whatever superior court records still exist as to this 33-year-old guilty plea, as he has not shown that these records may entitle him to relief on the instant petition.  Thus the court will deny petitioner's motion as to these documents.

Similarly, as to the Sacramento County Superior Court records in category (c), petitioner does not show why unspecified records of this type would "show that there was an intentional destruction of legal documents in the court's files" concerning allegedly perjured testimony in petitioner's criminal case.  (Dkt. No. 95 at 2.)  Respondent has already lodged the entire trial court record of this case (see Lod. Doc. Nos. 22-33), and petitioner has not specified any additional superior court documents that would tend to show his entitlement to federal habeas relief.  Thus the court will deny petitioner's motion as to these documents as well.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's October 1, 2012 motion for leave to conduct discovery (Dkt. No. 95) is granted to the following extent:

    a. Within 30 days, respondent shall lodge with this Court copies of petitioner's state habeas petitions filed in the California Supreme Court in Case Nos. S149161, S152869, S156507, S167364, S168065, and S189953.

    b. Respondent is encouraged to lodge these documents on CD by presenting the CD and a written Notice of Lodging to the Clerk of Court. <u>See</u> L.R. 133.

2. The motion is otherwise denied.

Dated: November 15, 2012

                                         _/s/ Carolyn K. Delaney_
                                         CAROLYN K. DELANEY
                                         UNITED STATES MAGISTRATE JUDGE

2
will2968.ord3